Dickerson *v.* Western Union Telegraph Company et al.

[71 South. 385.]

1. Appeal and Error. *Dismissal. Failure to prosecute. Finality of judgment appealed from. Judgment sustaining demurrer.*

Where a suit is brought against two defendants jointly and the demurrer of one of the defendants is sustained to the declaration, but the case as to the other defendant is not finally disposed of in the lower court until a year afterwards, the two years allowed for appeal by statute does not commence to run as to either of the defendants until the case against both has been disposed of.

2. Same.

As a general rule a judgment or decree is not final which settles the cause as to part only of the defendants. Thus an order or decree which dismisses a suit as to part only of the defendants, named, all of whom are charged to be jointly liable, is not final or appealable as such.

3. Same.

An appeal will not lie as a rule unless there has been a final disposition of the case as to all of the parties.

4. Same.

A judgment or decree of dismissal as to one of several defendants sought to be jointly charged is not final so as to permit an appeal.

5. Finality of Judgment Appealed From. *Judgment sustaining demurrer final.*

A judgment sustaining a demurrer in the absence of an application to amend is a final judgment, so far as the interest of the demurrant is concerned.

APPEAL from the circuit court of Lee county.

HON. CLAUDE CLAYTON, Judge.

Suit by J. L. Dickerson against the Western Union Telegraph Company and the Postal Telegraph Cable Company. From a judgment for defendant, plaintiff appeals. Motion to dismiss, appeal as to first defendant.

The facts are fully stated in the opinion of the court.

*W. D. & J. R. Anderson,* for appellant.

*J. A. Sykes,* for appellee.

STEVENS, J., delivered the opinion of the court.

Appellant instituted this action for damages against Western Union Telegraph Company and Postal Telegraph Company jointly. The complaint is based upon alleged gross negligence and delay in delivering a telegram. A demurrer was interposed to the declaration by the Western Union Telegraph Company and by the court sustained May 16, 1913. The cause then proceeded to trial against the Postal Telegraph Company, but judgment in favor of the latter defendant was not entered until the 3d day of April, 1915. The petition for appeal and the appeal bond were filed in August, 1915. The Western Union Company has moved to dismiss the appeal as to it because same has not been prosecuted within two years, contending that the statute of limitation began to run in favor of the Western Union Company when the demurrer as to it was sustained and the suit finally dismissed as to the company.

In our judgment, the two years contemplated and provided for by the statute did not begin to run in this case until final judgment was entered by the court in favor of the last defendant and terminating the entire suit. When the demurrer on the part of the Western Union Company was sustained, plaintiff had a right to proceed with his case against the other defendant charged to be jointly liable, the right to recover the demand sued on from the remaining defendant, and until the cause was finally tried between plaintiff and the Postal Telegraph

Company, plaintiff was still endeavoring to recover the full demand sued for. If plaintiff had recovered against the Postal Telegraph Company, then his demand would have been satisfied and he would have been, so far as he was concerned, at the end of the law. Having lost his case against the last company, he brings the whole record on appeal and still seeks to hold both companies in acordance with his original conception of the case. If the motion is well taken in this case, then a plaintiff seeking to recover against several defendants would be in many instances obliged to split his cause of action on appeal and to prosecute two or more appeals, when one appeal can take care of the interests of all parties. The general rule is stated as follows:

"As a general rule a judgment or decree is not final which settles the cause as to a part only of the defendants. Thus an order or decree which dismisses a suit as to a part only of the defendants named, all of whom are charged to be jointly liable, has been held not to be final, nor appealable as such." 2 Ruling Case Law, sec. 24, and cases in notes.

"An appeal or writ of error will not lie, as a rule, unless there has been a final disposition of the case as to all of the parties." 2 Cyc. 588, cases in note 84.

"A judgment or decree dismissing as to one of several defendants sought to be jointly charged is not final so as to permit an appeal. 2 Cyc. 589."

It may be conceded that as a general proposition of law a judgment sustaining a demurrer in the absence of an application to amend is a final judgment so far as the interests of the demurrant are concerned; but the final judgment contemplated by the statute limiting the time for appeals to the supreme court is the judgment that terminates once and for all time the suit filed by the plaintiff or complainant, and grants or denies the relief prayed for.

The motion to dismiss is therefore overruled.

*Overruled.*