DECELL *et ux. v.* RANCE *et al.*

(Division B. June 5, 1933.)

[148 So. 639. No. 30640.]

Ruth Campbell, of Yazoo City, for appellees.

**Barbour & Henry**, of Yazoo City, for appellants.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellees filed a bill for the partition of certain property. Prior thereto they had given a deed of trust on the same property to J. E. Decell and he had foreclosed this deed of trust and had a trustee's deed thereto. The appellees claim they were minors at the time of executing this deed of trust, but concede the interest

of some of their brothers and sisters to the appellants. On issue made up, the trial resulted in a decree sustaining the contention of the appellees that they were minors and therefore not bound by the trust deed. The case was submitted for hearing to the chancery court in June, 1932, and an order was entered at said term taking the case under advisement for hearing and a decision in vacation, and a decree was rendered on July 30, 1932, which decree did not grant the right of appeal to settle the principles of the case, and no appeal was applied for within thirty days; but on January 24, 1933, a petition for appeal was filed reciting the rendition of the judgment to be appealed from, and that it was filed on July 30, 1932, and that it was ''final so far as the determination of the interests of the parties in the land is concerned, but not final otherwise (and) petitioners pray that the court may allow them an appeal to the supreme court to settle the principles of the cause.'' The decree thereon was dated January 23, 1933, and reads as follows: ''The cause coming on to be heard this day on the petition of J. E. Decell, Mrs. J. E. Decell, and K. E. Brister, asking for an appeal to the supreme court of Mississippi to settle the principles of the cause, the court finds that the defendants are entitled to such an appeal and decree that the same may be taken and hereby allows the same and decrees that the appeal may be taken upon the defendants giving bond upon the appeal to the supreme court in the amount of five hundred dollars.''

Notice to the stenographer to transcribe and file notes was acknowledged to have been received on August 8, 1932, and filed with the clerk on August 15, 1932, the notes themselves being actually filed on February 3, 1933. The stenographer did not certify that she had given notice to the attorneys interested in said cause of the transcription and filing of the notes.

Motion is here made to dismiss the appeal because it is not the final decree that is appealed from, and because no appeal was granted in the decree of the chancellor

filed July 30, 1932, and because the stenographic notes were not filed within the time permitted by law, and were not approved by the trial judge or the parties.

We think the appeal must be dismissed because there was no order allowing an appeal to settle the principles ` of the cause in the decree directing a partition of the property, nor within thirty days after the entry of said decree. The decree appealed from is an interlocutory decree. See Gilleylen v. Martin, 73 Miss. 695, 19 So. 482; Sweatman v. Dean, 86 Miss. 641, 38 So. 231; and Dickerson v. W. U. Tel. Co., 111 Miss. 264, 71 So. 385, in which last case it was held that where suit was brought agains two defendants jointly, and one files a demurrer, which is sustained, but the case as to the other is not finally dismissed, the appeal as to the first defendant was not open to dismissal as not having been prosecuted within two years after the sustaining of its demurrer, as an appeal will not lie unless there has been a final disposition of the case as to all the parties, and that, as a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants.

In view of the fact that no appeal was granted in the chancellor's decree, we do not pass upon the sufficiency or correctness of the stenographer's notes, and the appeal will be dismissed.

Appeal dismissed.