MULHOLLAND *v.* PEOPLES BANK OF BILOXI *et al.*

(Division B. Nov. 27, 1939. Suggestion of Error Overruled Feb. 26, 1940.)

[192 So. 308. No. 34007.]

J. D. Stennis, Jr., of Biloxi, for appellant.

White & Morse, of Gulfport, for appellees.

McGehee, J., delivered the opinion of the court on motion.

This is a motion filed by the appellees to dismiss the appeal herein on the ground that the decree rendered on April 2, 1938, dismissing the bill of complaint as to them and taking the cause under advisement as to other defendants in the court below, was final; and it appears that the appeal bond was not given until October 7, 1938, more than six months from the date of such decree.

The appellant had sued to enforce the collection of an indebtedness evidenced by a series of promissory notes executed by one Ab Jackson for the purchase price of certain land, one of which was owned by appellant, and which had been assumed by Mrs. Agnes Cronovich to whom Jackson had conveyed the land. The appellee, Peoples Bank of Biloxi, had acquired the other unpaid notes of the series. Prior to the filing of the suit, it appears that the bank acquired title to the land under a tax sale, and had also taken a release or quitclaim from Mrs. Cronovich of her interest therein. The appellant sought a decree against Jackson and Mrs. Cronovich for the amount of the note held by him, and also a decree

establishing a resulting trust against the bank on the theory, as we understand it from the briefs on the motion here to dismiss the appeal, that the bank acquired the tax title in trust for all holders of the notes of said series, under some kind of an alleged agreement in that behalf, and had acquired the release or quitclaim from Mrs. Cronovich covering her interest in the land in consideration of an agreement that she was to be released from any and all liability on account of having assumed the payment of the outstanding notes of the series, including the one held by appellant.

We also understand from the briefs on this motion, without reference to the record on appeal, that the bill of complaint sought to enforce a vendor's lien in favor of the appellant against the land for the payment of that part of the purchase money indebtedness held by him; and to obtain a decree against both Mrs. Cronovich and the bank for the amount due appellant on the note, on the ground that she had assumed its payment as grantee in a deed and that the bank had assumed its payment by agreement, and as a matter of equity, by virtue of the circumstances under which the bank acquired title to the land. In other words, that the bank had become liable for the payment of the note on the theory of "a resulting or constructive trust" under which it is alleged to have acquired the title.

The parties defendant to the bill of complainant were Jackson, a non-resident, Mrs. Cronovich, who failed to appear and make defense, the appellee, Peoples Bank of Biloxi, and O. G. Swetman, agent of the bank. On April 2, 1938, which was the last day of the regular term of the Court, the chancellor rendered a decree which recited that the case had been heard on the pleadings, and on oral documentary evidence, and that the court was of the opinion and found "that the complainant is not entitled to recover as to the defendants, Peoples Bank of Biloxi and O. G. Swetman, and that the said bill and amended bills should be dismissed as to said defend-

ants.'' It was accordingly so ordered, and the complainant was taxed with the cost, for which execution was ordered to be issued. On that same day another decree was entered taking the case ''under advisement for the rendition of a final decree disposing of the other issues herein, in vacation, on April 9, 1938'', and which decree also recited that the case had been tried on its merits and that a separate decree had that day been entered dismissing the bill of complaint in so far as the appellees here are concerned.

On April 9, 1938, in vacation, a further decree was rendered, which recited that ''the bill must fail as to the defendants, the Peoples Bank of Biloxi, and O. G. Swetman, the court having rendered a decree herein on April 2, 1938, dismissing the bill as to said defendants and taking said cause under advisement for the rendition of a final decree herein on this date, and now being of the opinion that the complainant is entitled to judgment against the defendant, Mrs. Agnes Cronovich, upon the note, it is ordered. . . .'' It is then recited that complainant shall recover of the said Mrs. Cronovich the sum of $3,308.90 and all costs. There is then embodied in this decree a finding of fact relating to the controversy between the complainant and the defendants against whom the bill was dismissed on April 2, 1938. And, after adjudging the amount of the indebtedness owing to the complainant by Mrs. Cronovich, the decree again orders ''that the cause be and it is hereby dismissed as to all other defendants named.''

It is urged by counsel for the appellant that since there was no consent of the suit by any of the defendants other than the appellees, the only purpose for which the case was taken under advisement was to enable the chancellor to make a finding of fact on the issues in controversy between the appellant and appellees; and that contention, it would seem to us, is evidently correct. However, the cause was not taken under advisement, according to the terms of the decree of April 2, 1938, for any purpose so

far as the appellees are concerned. Hence, it follows that the court was without power in vacation to do any act that could change the finality of the decree by which the suit had been dismissed as to the appellees. That fact, however, is not controlling as to when the statute of limitation, Section 2323 of the Code of 1930, begins to run. The case of Dickerson v. Western Union Telegraph Company et al., 111 Miss. 264, 71 So. 385, which was decided when Section 3112 of the Code of 1906, was in force, held that where joint liability for the demand sued on was sought to be established the appeal was not barred at the expiration of two years, the time then allowed for an appeal, from the rendition of a final judgment dismissing the suit as to one of the defendants in advance of its final disposition in the court below as to the other. The two statutes are the same, except as to the period of time allowed for an appeal. In the Dickerson case the appellant was complaining of the judgment sustaining the demurrer of the Western Union Telegraph Company and dismissing the suit as to it, and the appeal was not taken within two years from that date, although the judgment was final as to said defendant, after the term of court adjourned, so far as the trial court was concerned. We cite that case as illustrative of the fact that the finality of the judgment or decree rendered in favor of some defendants in advance of the final disposition of a case as to others is not always the test as to when the limitations as to taking an appeal commences to run.

In the case at bar it appears that the alleged rights and liabilities of the several defendants were so interwoven and connected that the appeals should not be taken by piecemeal. For instance, if an appeal should have been perfected as against the appellees in advance of the disposition of the case as to Mrs. Cronovich, and we should then be of the opinion that under the evidence the court below was in error in his finding of facts relating to the alleged agreement relied on to establish a trust, we could give appellant no relief until he first established the

existence of an indebtedness on the note in his favor. That question was left open until the decree of April 9, 1938. No decree against the appellees could have been rendered on April 2, 1938, in favor of the appellant, because the court had to first adjudicate that Jackson or Mrs. Cronovich, or both, were still indebted to him on the note. As to requirements for a final decree, see Section 614, Griffiths Chancery Practice.

We are therefore of the opinion that the appeal bond was filed in time, and that the motion to dismiss should be overruled.