BRADLEY et al. *v.* HOLMES et al.

No. 42017        November 13, 1961        134 So. 2d 494

248

*Howard Dyer, Jr.,* Greenville, for appellants.

*Farish, Keady & Campbell,* Greenville, for appellee.

ETHRIDGE, J.

Sam Bradley, Jr., and others, brought this action in the Circuit Court of Washington County as the next of kin of Sam Bradley, III, alleging that his death was caused by the negligence of defendant J. P. Holmes in an automobile collision. It was charged that defendant Glassco was the employer of Holmes, and when the automobile collision occurred, Holmes was driving his car in the course of his employment for Glassco; and further, that Glassco under the circumstances was estopped to deny the agency of Holmes. After trial, the court

gave a peremptory instruction for Glassco, holding that plaintiffs failed to show any agency. The case was submitted to the jury as against Holmes, but it was unable to agree on a verdict.

Hence the judgment of the circuit court ordered that plaintiffs take nothing against Glassco, and the suit as to him was finally dismissed; "and it is further ordered and adjudged that because of the hung jury, a new trial be ordered at the June 1961 term to try the issues between plaintiffs and the remaining defendant, J. P. Holmes." This appeal is from that judgment.

We have concluded that this judgment is not a final one, and the appeal is premature. For that reason, we raise this question of appellate jurisdiction on our own motion and dismiss the appeal.

Miss. Code 1942, Rec., Sec. 1147, provides: "An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case . . ."

In our practice there is no interlocutory appeal from the judgment of a circuit court, except where the sole ground of an order for new trial is the excessiveness or inadequacy of damages. Code Sec. 1536. There may be an interlocutory appeal from an order or decree of the chancery court if certain restrictive conditions exist. Miss. Code 1942, Rec., Sec. 1148.

Generally an appeal will not lie unless there has been a final disposition of the case, not only as to all of the issues, but also as to all of the parties to the suit. 4 C. J. S., Appeal and Error, Sec. 104. The judgment must dispose of the cause as to all of the parties, reserving no further questions for future determination. 2 Am. Jur., Appeal and Error, Sec. 22. Since a judgment is not final which settles a case as to a part only of the defendants, an order which dismisses the suit as to a part only of them, all of whom are charged to be jointly liable, is not a final judgment from which an ap-

peal will lie, while the case remains undisposed of in the lower court as to the other defendants. Ibid., Sec. 27; Annos., Judgment or Order Dismissing Action as Against one Defendant as Subject of Appeal or Error Before Disposition of Case as Against Co-Defendant, 80 A. L. R. 1186 (1932), 114 A. L. R. 759 (1938). A narrow exception to this rule exists where a decree dismisses one or more or a larger number of defendants whose interests are not at all connected with the other. We do not think this case falls within that exception. Code Sec. 1147 and prior decisions show that this Court has consistently followed the stated general rule.

In Dickerson v. Western Union Telegraph Company, 111 Miss. 264, 71 So. 385 (1916), Dickerson sued both Western Union and Postal Telegraph. The trial court sustained Western Union's demurrer to the declaration, the case was tried against Postal Telegraph, and judgment entered in its favor. Dickerson then appealed, and Western Union moved to dismiss because the appeal had not been taken as to it within the statutory two years from the time its demurrer was sustained. The motion was overruled. It was held that the limitation period for appeals would not begin to run until "final judgment was entered by the court in favor of the last defendant and terminating the entire suit." The Court said: "If the motion is well taken in this case, then a plaintiff seeking to recover against several defendants would be in many instances obliged to split his cause of action on appeal and to prosecute two or more appeals, when one appeal can take care of the interests of all parties." Quoting authorities, the Court said that a judgment is not final which settles the cause as to a part only of the defendants. An appeal will not lie unless there has been a final disposition of the case as to all of the parties.

Mulholland v. Peoples Bank of Biloxi, 187 Miss. 608, 192 So. 308 (1939), reached the same conclusion under

similar circumstances. It was said that "appeals should not be taken by piecemeal."

Federal Land Bank v. Kimbriel, 174 Miss. 153, 163 So. 501 (1935) involved in suit in chancery court against seven defendants, four of whom filed a special demurrer, which was sustained, and the chancellor allowed an interlocutory appeal from that order. It was held that appellants were not entitled to appeal where no decree had been taken against or in favor of the remaining three defendants. One of the reasons for the rule was said to be that otherwise "some of the parties would have to wait in the chancery court as to their case, while others would litigate their part of the case on appeal." It was stated that the statute authorizing interlocutory appeals in equity in certain cases did not contemplate some but not all of the defendants appealing. The situation was "not within either its letter or its purpose." Liberty Trust Company v. Planters Bank, 155 Miss. 721, 124 So. 341 (1929).

In Mid-South Paving Company v. State Highway Commission, 197 Miss. 751, 766, 20 So. 2d. 834 (1945), complainant filed an action against the Commission and a company. The chancery court sustained the Commission's motion to dismiss it as a party, and two days later sustained the petition of the remaining nonresident defendant for removal of the cause to the federal court. Complainant took an appeal from the order dismissing the Commission. The Commission's motion here to dismiss the appeal was overruled. It was held that, since the Commission was the only party remaining in the suit in the state court, *Mid-South* could appeal from the decree dismissing the Commission. Citing *Dickerson* and *Mulholland*, the Court said that there must be a final decree as to all the parties before an appeal will lie; but it noted that the purpose of this rule is to allow the trial court to develop the entire case as to all parties before it, because "ordinarily the rights and liabilities

of the several parties are so connected or interwoven that appeals by piecemeal should not be allowed.'' However, in *Mid-South* the appellant's only remaining rights in the trial court were against the sole remaining defendant, the Commission, so it could appeal from the order dismissing the suit as to that party. See Griffith, Miss. Chancery Practice (2d ed. 1950), Secs. 685, 614. Carter v. Kimbrough, 122 Miss. 543, 84 So. 251 (1920), is distinguishable, because it involved interlocutory appeals in chancery from sustained demurrers by all of the parties, and the bill was multifarious.

In summary, an appeal is not a matter of right but must fall within the statutory prerequisites. The basic one is that the appeal must be from a final judgment. A judgment is not final which settles the cause as to a part only of the defendants. In the instant case, although the circuit court dismissed appellants' suit against Glassco, the same judgment provided that the suit against Holmes would be tried at the June term. There is no final judgment against all of the parties to this suit, who, the declaration in effect alleges, are jointly and severally liable to plaintiffs. For these reasons, we have no jurisdiction over the matter at this time, and the appeal is dismissed.

Appeal dismissed because premature.

*McGehee, C. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.