BRADLEY, et al. *v.* HOLMES, et al.

No. 42807 November 25, 1963 157 So. 2d 801

*Howard Dyer, Jr.,* Greenville, for appellant.

*Keady, Campbell & DeLong,* Greenville, for appellee.

GILLESPIE, J.

The next of kin of Sam Bradley, III, deceased, filed suit for the alleged wrongful death of Sam Bradley, III, against J. P. Holmes and his employer, Ed Glassco, trading as Ed Glassco Used Cars. The declaration charged that J. P. Holmes negligently operated his automobile resulting in the death of Sam Bradley, and that Holmes was acting within the scope of his employment as an employee of Glassco when the fatal collision took place.

At the first trial, the court directed a verdict for Ed Glassco and submitted the case to the jury to determine the liability of J. P. Holmes. The jury was unable to agree upon a verdict and a mistrial was declared. The plaintiff appealed to the Supreme Court and this Court dismissed that appeal because the attempted appeal was not from a final order. Bradley v. Holmes, 242 Miss. 247, 134 So. 2d 494. Thereafter the case was tried again and the court directed a verdict for Ed Glassco and submitted the question of liability of Holmes to the jury, and another mistrial was entered because of the failure of the jury to agree upon a verdict. The case was again tried in the circuit court and the court again directed a verdict for Glassco and the jury returned a verdict for the plaintiffs against Holmes in the amount of $11,200. Plaintiffs perfected an appeal to this Court complaining only of the action of the lower court in directing a verdict for Glassco.

There is no conflict in the testimony on the vital issue whether Holmes was acting within the scope of his employment at the time of the fatal accident.

The appellee, Ed Glassco, had operated a used car lot in Greenville, Mississippi, for a number of years. For about four and a half years J. P. Holmes had been in the employ of appellee. Holmes' duties consisted of selling automobiles on the used car lot when people came there to buy automobiles. Holmes was paid a commis-

sion. He carried keys to the car lot and stayed there from early in the morning until about dark. When Holmes was away from the car lot he had no duties to perform on behalf of appellee, but he was free to do whatever he wished, including talking to people about automobiles. On the date of the fatal accident involved in this case, Holmes closed the used car lot and drove his personally owned automobile to a restaurant. After finishing his meal he went to a motel to meet some friends where he played poker until eleven P. M. Upon leaving the poker game Holmes was driving his automobile when it was involved in the collision wherein Sam Bradley, III, lost his life. J. P. Holmes had once had polio and wore a brace, but the proof is uncontradicted that he is a capable automobile driver and there is no proof whatever that he is an incompetent or reckless driver.

The only basis for argument by appellants in this case is the fact that at the time of the accident the automobile owned and operated by J. P. Holmes was equipped with a dealer's tag which had been purchased by appellee under Sec. 9352-24, Miss. Code of 1942. In making the application for the dealer's tag, appellee stated under oath as follows:

". . . . . in applying for motor vehicle dealers' tags, the undersigned understands that they may be used only for bona fide demonstration purposes, for delivery of vehicles by drive-out method from the factor, assembly plant or place of business to customer, or other places of business to customer, or other places of business to the dealer, and that they may not be used on vehicles for personal use."

The testimony showed that it was the custom of automobile dealers to furnish all their agents who use their own automobiles with dealer's tags. Holmes was fined for operating his automobile with an improper tag.

■■ The first and principal question raised by appellant is whether appellee, Glassco, is estopped from asserting that Holmes was not acting within the scope of his employment when the fatal accident occurred. They contend that it is unconscionable to permit appellee to solemnly swear in the application for the dealer's tag that it would only be used for the purposes authorized by law and would not be used on vehicles for personal use, and then deny that Holmes was his servant while operating an automobile equipped with the dealer's tag. They assert that Holmes was operating his automobile with a dealer's tag because of the fraud and chicanery of appellee.

The trial court declined to sustain appellee's motion to exclude the evidence at the conclusion of plaintiff's case, but directed a verdict for appellee only after appellee proved beyond a question that at the time of the accident Holmes was on a personal mission. The trial court apparently was of the opinion that proof concerning the use by Holmes of the dealer's tag made out a prima facie case that Holmes was in the course of his employment.

There was no proof whatever that there was any connection between the use by Holmes of the dealer's tag and the collision in which appellants' decedent was killed. Operating an automobile with an improper tag was a violation of the law, but it was not the proximate cause of the accident. It was insufficient to take the case to the jury as against appellee.

■■ It is also argued that in providing Holmes with a dealer's tag appellee enabled Holmes to operate an automobile when Holmes was physically unable to properly operate an automobile. They also argue that Holmes was a reckless driver. Appellant cites cases such as Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318, in support of this argument. But this argument is not justified under the evidence. The proof affirmatively

showed Holmes was a competent driver. There was no evidence to the contrary. Nor was there any proof that Holmes was a reckless driver.

██ █ It was shown in the first trial that Holmes did not have a driver's license. This evidence was excluded on the last trial. Appellee did not know Holmes did not have a driver's license and it would have been immaterial if he had known. There is no connection between the accident and the absence of a driver's license. Certainly, the fact that Holmes did not have a driver's license had no bearing on the question of appellee's liability for Holmes' negligence.

We are of the opinion that the directed verdict in favor of appellee was correct.

Affirmed.

*Lee, P. J., and Kyle, Rodgers and Jones, JJ.*, concur.