EUBANKS, et al. *v.*
AERO MAYFLOWER TRANSIT COMPANY, et al.

No. 43539       May 17, 1965       175 So. 2d 169

George S. Shaddock, Donald W. Cumbest, Pascagoula, for appellants.

*M. M. Roberts,* Hattiesburg, for appellee, Aero May-flower Transit Company.

*Williams S. Murphy,* Lucedale; *Rae Bryant,* Gulf-port, for appellees, James E. McConnell, Jr., and James

W. McConnell, d.b.a. McConnell Brothers Transfer and Storage, and Mid Thomas, Jr.

BRADY, TOM P., J.

This is an appeal from an order of the Circuit Court of Jackson County, Mississippi, dismissing the suit of the appellants against the corporate defendant, Aero Mayflower Transit Company, hereinafter called Aero, and ordering a change of venue for the individual defendants from Jackson County to Lowndes County, Mississippi, the county of their residence. Briefly stated, the pertinent facts are as follows:

Mrs. Agnes Pauline Eubanks, widow of John Malcolm Eubanks, Jr., instituted suit for herself and her two minor children, Timothy Malcolm Eubanks and Phillip Michael Eubanks, on account of an accident which occurred on January 24, 1964, in which a car being driven by the said John Malcolm Eubanks, Jr., collided with a truck belonging to McConnell Brothers Transfer and Storage, hereinafter called McConnell Brothers, a co-partnership composed of James E. McConnell, Jr., and James W. McConnell, in Jackson County, Mississippi, and operated by an employee, Mid Thomas, Jr. The declaration of the appellants charged negligence against

the three defendants, one as the tort-feasor and the other two as agents. The three individual defendants are residents of Lowndes County, Mississippi. The accident occurred in George County, Mississippi, and suit was instituted in Jackson County, Mississippi. The corporate defendant, Aero, domiciled in Indiana, had designated A. Y. Harper as its process agent, who resides and was served in Hinds County, Mississippi. None of the defendants was served by process from Jackson County, Mississippi.

The individual defendants, James E. McConnell, Jr., and James W. McConnell, doing business as McConnell Brothers Transfer and Storage, and Mid Thomas, Jr., each filed a motion to transfer the cause from the Circuit Court of Jackson County to the Circuit Court of Lowndes County, where they are all resident citizens, contending that Aero was in no way liable to the plaintiffs and had nothing whatsoever to do with the movement of the vehicle involved in the accident and was not interested in the cargo being moved at the time, and that Aero was improperly identified as a defendant, in an attempt to confer venue jurisdiction in Jackson County, Mississippi.

The defendant Aero likewise filed a motion for a change of venue to Lowndes County, where all individual defendants reside, and where there would be no question of venue jurisdiction or, in lieu thereof, to Hinds County, Mississippi, where Aero exists in Mississippi for service of process, or to George County, Mississippi, where the accident occurred. This motion was filed on April 3, 1964, and the motion of the individual defendants for a change of venue was filed on April 7, 1964. On April 9, 1964, the appellants filed an answer to the motion of Aero for a change of venue, alleging that Aero was an Indiana corporation and had designated Honorable A. Y. Harper in Hinds County as process agent, but asserted that under Mississippi Code

Annotated section 1434 (1956), and under the authority of the case of Continental Southern Lines, Inc. v. Williams, 226 Miss. 624, 85 So. 2d 179 (1956), proper venue jurisdiction existed in Jackson County, Mississippi.

On April 9, 1964 an answer was filed by Aero and paragraph IX thereof sets up the alleged facts that Aero had no interest in the shipment on the occasion complained of and was never used by McConnell Brothers except in interstate commerce; that this was not an interstate commerce movement; and that Mid Thomas, Jr. was an employee of McConnell Brothers and not of Aero, and that Aero had no interest in or control over the shipment of the cargo, or the driver, or any monetary benefit therefrom on the occasion of the accident. On April 9 there was also filed for Aero a motion for a separate hearing for disposition of the affirmative plea appearing in paragraph numbered IX of the answer, under the authority of Mississippi Code Annotated section 1475.5 (1956). The motion for a separate hearing was granted and the trial court dismissed Aero, one of the alleged principals, and original defendant, stating that no agency relationship existed and likewise ordering a change of venue as to the other defendants.

While the cause of action was pending in the court of Lowndes County, to which the case was removed, the appellants appealed to this Court, contesting both the dismissal and the change of venue. An agreed stipulation of facts was entered into between all interested parties and this stipulation concedes that the accident giving rise to the lawsuit occurred in George County, Mississippi; that the defendant, Aero, had a process agent named A. Y. Harper, of Hinds County, Mississippi, who was served with process in Hinds County, Mississippi; that Aero was a nonresident corporation of the State of Mississippi, but was doing business in the State of Mississippi; that the individual defendants, James E. McConnell, Jr., and James W. McConnell,

d/b/a McConnell Brothers, and Mid Thomas, Jr., were all resident citizens of Lowndes County, Mississippi, and were served with process in Lowndes County, Mississippi. The other evidence produced at the hearing was oral and documentary and showed, without dispute, that Aero, a corporation, had nothing whatsoever to do with the vehicle involved in the accident, with the driver driving the vehicle involved in the accident, or with the movement of the cargo or with the cargo itself.

The appellants assign two errors to have been committed by the trial court:

1.   The lower court erred in dismissing the defendant, Aero Mayflower Transit Company.

2.   The controlling venue statute being Section 1434, rather than Section 1433, Mississippi Code Annotated, 1942, the lower Court erred, regardless of the propriety of the dismissal of Aero Mayflower Transit Company, in transferring this cause from Jackson County to Lowndes County.

The appellees contend that there is no final judgment entered in this cause by the trial court from which an appeal may be taken; that there is no right or authority in the appellants that an appeal be perfected to this Court; and that no appeal can be taken until the rights of the parties are finally determined in the Circuit Court of Lowndes County, Mississippi.

The basic question in issue here is: Does this Court have appellate jurisdiction under Mississippi Code Annotated section 1147 (1956) providing for an appeal from a final judgment? Stated conversely, is the judgment entered in the court below of such a final nature that an appeal therefrom will lie and therefore can be considered by this Court?

The principles of this case are determined by Bradley v. Holmes, 242 Miss. 247, 134 So. 2d 494 (1961); Mid-South Paving Co. v. State Highway Commission, 197 Miss. 751, 766, 20 So. 2d 834 (1945); Mulholland

v. Peoples Bank of Biloxi, 187 Miss. 608, 192 So. 308 (1939); Federal Land Bank v. Kimbriel, 174 Miss. 153, 163 So. 501 (1935); Dickerson v. Western Union Telegraph Co., 111 Miss. 264, 71 So. 385 (1916).

In Bradley v. Holmes, *supra,* we concluded that the judgment was not a final one and therefore the appeal was premature. On our own motion we dismissed the appeal. The similarity between that case and the case at bar is striking. In the Bradley case Bradley and others brought a suit for the death of a relative, alleging that his death was caused by the negligence of Holmes. It was charged that the defendant Glascoe was the employer of Holmes and that at the time of the collision Holmes was driving his car in the course of his employment for Glascoe; that under the circumstances Glascoe was estopped to deny the agency of Holmes. After the trial the lower court gave a peremptory instruction for Glascoe, holding that the plaintiffs had failed to show any agency. The case was submitted to the jury as against the sole defendant, Holmes. The jury was unable to reach a verdict. The judgment of the circuit court ordered that the plaintiffs take nothing against Glascoe, and as to him the suit was finally dismissed; it was further ordered and adjudged that because of the hung jury a new trial be ordered at the June, 1961 Term of Court to try the issues between the plaintiffs and the remaining defendant, Holmes. An appeal was taken from that judgment by the plaintiff, Bradley. We pointed out in the Bradley case that Mississippi Code Annotated section 1147 (1956) provides as follows:

"An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case . . ." (242 Miss. at 250.)

Speaking through Justice Ethridge, we stated:

██ ██ "In our practice there is no interlocutory appeal from the judgment of a circuit court, except where the sole ground of an order for a new trial

is the excessiveness or inadequacy of damages. Code Sec. 1536. There may be an interlocutory appeal from an order or decree of the chancery court if certain restrictive conditions exist. Miss. Code 1942, Rec., Sec. 1148.

██ ██ "Generally an appeal will not lie unless there has been a final disposition of the case, not only as to all of the issues, but also as to all of the parties to the suit. 4 C.J.S., Appeal and Error, Sec. 104. The judgment must dispose of the cause as to all of the parties, reserving no further questions for future determination. 2 Am. Jur., Appeal and Error, Sec. 22. Since a judgment is not final which settles a case as to a part only of the defendants, an order which dismisses the suit as to a part only of them, all of whom are charged to be jointly liable, is not a final judgment from which an appeal will lie, while the case remains undisposed of in the lower court as to the other defendants. Ibid., Sec. 27; Annos., Judgment or Order Dismissing Action as Against one Defendant as Subject of Appeal or Error Before Disposition of Case as Against Co-Defendant, 80 A.L.R. 1186 (1932), 114 A.L.R. 759 (1938). A narrow exception to this rule exists where a decree dismisses one or more or a larger number of defendants whose interests are not at all connected with the other. We do not think this case falls within that exception. Code Sec. 1147 and prior decisions show that this Court has consistently followed the stated general rule." (242 Miss. at 250-51.)

██ ██ In Dickerson v. Western Union Telegraph Company, *supra,* we said that a judgment is not final which settles the cause as to a part only of the defendants and that an appeal will not lie unless there has been a final disposition of the case as to all of the parties.

In Mulholland v. Peoples Bank of Biloxi, *supra,* we again reached the same conclusion under similar cir-

cumstances and we stated that "appeals should not be taken by piecemeal."

In Bradley v. Holmes, *supra,* we distinguished Mid-South Paving Co. v. State Highway Commission, *supra,* and Carter v. Kimbrough, 122 Miss. 543, 84 So. 251 (1920), from the Bradley case. These two cases are likewise easily distinguishable from the case at bar. We stated further in the Bradley case:

"(A)n appeal is not a matter of right but must fall within the statutory prerequisites. The basic one is that the appeal must be from a final judgment. A judgment is not final which settles the cause as to a part only of the defendants." (242 Miss. at 253.)

In the case at bar the circuit court dismissed appellants' suit against Aero. This same court granted a change of venue from Jackson County to Lowndes County against the individual defendants remaining in the suit. The judgment provided that the individual defendants should be tried in Lowndes County and ordered the clerk of the Circuit Court of Jackson County to transfer the papers in this cause to the Circuit Court of Lowndes County, Mississippi, where the defendants were to be tried. It follows, therefore, that there is no final judgment against all of the parties to this suit which the declaration in effect alleges are jointly and severally liable to the plaintiffs. For these reasons we have no jurisdiction over the matter at this time and the appeal is therefore dismissed.

Appeal dismissed because it is premature.

All Justices concur.