INZER, Justice:
This suit was brought in the Circuit Court of Jackson County in the name of the State of Mississippi for the Use and Benefit of Mrs. Myrtle Cline against the City of Pas-cagoula, Cecil E. Byrd, former sheriff of Jackson County, and United States. Fidelity and Guaranty Company, surety on his official bond, seeking to recover damages for the death of Albert Leo Cline. The declaration alleged that Albert Leo Cline was the husband of Myrtle Cline, that he died on June 18, 1966, in the Jackson County Jail as a result of the combined negligence of the City of Pascagoula and Byrd, who was then sheriff. It was charged that Cline was arrested by the officers of the city at a time when he was ill and that he was placed in the jail under the control of the sheriff and the city and that both failed, neglected, refused and declined the necessary medical care and attention that they were required by law to furnish him.
After trial, the court sustained a motion on behalf of the city for a directed verdict holding that the city was immune from suit. The case was submitted to a jury against the other defendants and it returned a verdict in favor of plaintiff-appellant against Byrd and his surety. A judgment was entered against these defendants but *384 the court sustained'a motion on their behalf granting a new trial. The suit against Byrd and his surety is still pending in the trial court. Appellant is attempting to appeal from the action of the trial court in granting a directed verdict in favor of the city.
These circumstances present a jurisdictional question that we are compelled to raise on our own motion. The judgment appealed from is not a final judgment and this appeal is premature. This case is governed by our decision in Eubanks v. Aero Mayflower Transit Company, 253 Miss. 159, 175 So.2d 169 (1965) and Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961).
Since there is no final judgment in this case against all parties to this suit, who the declaration alleges are jointly and severally liable to appellant, we have no jurisdiction over this matter at this time. The appeal is premature and for this reason the appeal is dismissed.
Appeal dismissed.
GILLESPIE, P. J., and JONES, BRADY and ROBERTSON, JJ., concur.