291 So.2d 735 (1974)
AMERICAN EMPIRE LIFE INSURANCE COMPANY
v.
SKIL-CRAFT BUILDERS, INC., et al.
No. 47383.
Supreme Court of Mississippi.
March 18, 1974.
Young, Young & Scanlon, Jackson, for appellant.
Bernard W.N. Chill, Marlane E. Chill, Wise, Carter, Child, Steen & Caraway, Harry N. Rayburn, Jr., Jackson, for appellees.
GILLESPIE, Chief Justice:

ON MOTION TO DISMISS
Skil-Craft Builders, Inc., William Guy and two others filed a bill of complaint in the Chancery Court of Hinds County against American Empire Life Insurance Company, a corporation (American), and twelve others. The defendants filed a joint answer, and American filed its separate cross-bill against William Guy only. The trial court sustained Guy's general demurrer to American's cross-bill, and the cross-bill was dismissed. All other substantive issues in the case remained undecided, and American filed an appeal bond naming all the original complainants as appellees, the appeal being from the order sustaining Guy's demurrer to American's cross-bill.
American did not seek or obtain an order of the court allowing the appeal under Mississippi Code Annotated section 11-51-7 (1972) to settle the principles of law in the case. The question is whether the order sustaining Guy's demurrer to American's cross-bill is a final order within the meaning of Code section 11-51-3. We hold it is not and dismiss the appeal.
Although a decree sustaining a demurrer to and dismissing a bill of complaint on a cross-bill is final as to that party, *736 the decree is not appealable if there are other issues involving other parties to the suit. To be a final decree appealable under section 11-51-3, the decree must be final as to all parties and all issues. Mid-South Paving Co. v. State Highway Commission, 197 Miss. 751, 20 So.2d 834 (1945). American may appeal whenever a final decree is entered, and the statute of limitations does not begin to run until a final decree as to all parties is entered. Dickerson v. Western Union Telegraph Co., 111 Miss. 264, 71 So. 385 (1916).
One reason for the rule is that ordinarily the rights and liabilities of the several parties are so connected and interwoven that appeals by piecemeal should not be allowed. Mulholland v. Peoples Bank of Biloxi, 187 Miss. 608, 192 So. 308 (1939). Moreover, fragmented appeals result in needless delay and expense, and interfere with the right of the other litigants to proceed with the litigation.
Appeal dismissed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.