WALLER, Presiding Justice,
for the Court.
¶ 1. Jamie S. Warnick, M. D., a pediatrician, appeals from a decision by the Chancery Court of Adams County that affirmed the Natchez Community Hospital’s suspension of her privileges in the area of neonatal resuscitation. Other than neonatal resuscitation, Dr. Warnick was awarded full pediatric privileges at the Hospital. We find that substantial evidence supported the suspension of neonatal resuscitation privileges and that Dr. Warnick’s right to due process was not violated. We therefore affirm the chancery court’s judgment.
*1021 FACTS
¶ 2. Dr. Warnick obtained associate medical privileges at the Hospital in 1997. The following year, Dr. Warnick applied for full privileges with the Credentials Committee. After Brian Stretch, M.D., voiced his concerns about Dr. Warnick’s alleged difficulty with the intubation of children and asked that the grant of full privileges to Dr. Warnick be deferred, on May 18, 1998, the Credentials Committee recommended the full grant of privileges with the exception of neonatal resuscitation. The Credentials Committee further recommended that Dr. Warnick complete a neonatal intubation course within six months.
¶ 3. The Executive Committee met on May 26, 1998, to consider the Credentials Committee’s recommendations, but deferred a decision until such time that Dr. Stretch could appear before it. Dr. Stretch appeared before the Executive Committee on June 23, and the Executive Committee granted Dr. Warnick full privileges; however her privileges in neonatal resuscitation were suspended until such time that Dr. Warnick successfully completed pediatric intubation training.
¶ 4. On July 16, Ray Bane, the Hospital’s chief executive officer, hand delivered to Dr. Warnick’s office a letter stating that she was summarily suspended for neonatal resuscitation privileges. Dr. Warnick sent two letters in response, and in each letter she accepted the decision that she needed to undergo further intubation training.
¶ 5. However, on July 31, Dr. Warnick, in writing, requested a hearing or appeal for the suspension of her neonatal resuscitation privileges. The Hospital’s bylaws provide that a physician whose privileges have been summarily suspended may request an appeal within fourteen (14) days of the suspension. Under the bylaws, Dr. Warnick’s July 31st request was untimely.[1]
¶ 6. Also under the bylaws, the Executive Committee was required to review its decision to suspend privileges within 30 days. The suspended physician did not have a right to attend, testify at or present evidence at the review. On August 14, the Executive Committee affirmed its decision to suspend Dr. Warnick’s neonatal resuscitation privileges.
¶ 7. This August 14 decision gave rise to a right to an appellate hearing before the Hospital’s Governing Board, which appointed five (5) members of the medical staff to sit as an Appellate Review Committee. The Appellate Review Committee met on August 18, and Dr. Warnick appeared and presented evidence before it. She also admitted that she had not performed neonatal intubations within the last year and that she would benefit from the suggested training.
¶8. The Appellate Review Committee met on August 25 to review certain documents and then granted Dr. Warnick an opportunity to respond to the documents which generally supported the decision to suspend her neonatal resuscitation privileges. On September 22, Dr. Warnick appeared before the Appellate Review Committee and retracted her admissions of August 18. She made some accusations and left without hearing or cross-examining a witness who was to testify. The bylaws provided that Dr. Warnick was obligated to attend this meeting and that her failure to attend, without good cause, was a waiver of her rights of appeal and an assent to the adverse recommendation of the Appellate Review Committee.
*1022 ¶ 9. The Appellate Review Committee enlarged the record with the testimony of four more witnesses on October 12. Dr. Warniek did not attend. The Appellate Review Committee affirmed the decision to suspend the neonatal resuscitation privileges.
¶ 10. Dr. Warniek appealed to the Adams County Chancery Court which ruled that the Hospital complied with its bylaw requirements for due process and affirmed the recommendations of the Appellate Review Committee and the Board of Trustees’s final decision to suspend Dr. Warnick’s neonatal resuscitation privileges pursuant to Miss.Code Ann. § 73-25-93(1).
DISCUSSION
¶ 11. When faced with Hospital’s decision to suspend or revoke privilege, a chancery court has a. very limited role of judicial review. It has no authority to proceed de novo but must limit its review to the record which was made before the Hospital. Wong v. Stripling, 881 F.2d 200, 202 (5th Cir.1989); Miss. State Bd. of Psychological Examiners v. Hosford, 508 So.2d 1049, 1054 (Miss.1987). “The legislature has clearly limited judicial surveillance of hospital disciplinary proceedings to the narrow inquiry of whether the hospital complied with the procedural due process requirements prescribed by its own bylaws.” Wong v. Garden Park Cmty. Hosp., Inc., 565 So.2d 550, 551 (Miss.1990).
¶ 12. Dr. Warniek filed her lawsuit in November 1998. At that time Miss.Code Ann. § 73-25-93 (1998) provided: .
(1) Any hospital licensed pursuant to sections 41-9-1 et seq. is authorized to suspend, deny, revoke or limit the hospital privileges of any physician practicing or applying to practice therein, if the governing board of such hospital, after consultation with the medical staff considers such physician to be unqualified because of any of the acts set forth in section 73-25-83; provided, however, that the procedures for such actions shall comply . with the hospital and/or medical staff bylaw requirements for due process.
(Emphasis added.) Therefore, the hospital and/or medical staff must abide by the bylaws for due process. See Miss.Code Ann. § 73-25-93. In addition, Miss.Code Ann. § 73-25-93 permits a physician to appeal a decision to the chancery court. See Miss.Code Ann. § 73-25-95. See also Wong, 881 F.2d at 202.
¶ 13. Dr. Warniek raises a number of arguments on appeal; however, the questions of whether the Hospital followed its bylaws and violated Dr. Warnick’s due process rights are dispositive of the case. Dr. Warniek contends that the Hospital failed to follow its bylaws for notification of her summary suspension. First, she argues that the hand-delivered notice of the summary suspension did not comply with the bylaws which required certified mail.
¶ 14. We find that Dr. Warniek was not denied due .process. The fundamental requirement of due process is the opportunity to be heard “at a meaningful time and in á meaningful manner.” Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976); see also Dennis v. Dennis, 824 So.2d 604, 609 (Miss.2002). Notice of governmental action which may deprive a person of life, liberty or property interests must be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Dusenbery v. United States, 534 U.S. 161, 169, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (quoting Mullane v. Central *1023 Hanover Bank & Trust Co., 339 U.S. 306, 314, 319, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).
¶ 15. Dr. Warnick does not allege that she was deprived of a fair hearing; rather, she argues that she was not afforded due process because the manner in which notices were or were not given did not comport with the Hospital’s bylaws.[2] On July 31, Dr. Warnick requested a hearing or appeal. The Hospital deemed this request to be untimely under its bylaws. Nevertheless, Dr. Warnick again requested an appeal on August 7. On August 11, the Hospital notified Dr. Warnick of an appeal hearing, and on August 18, Dr. Warnick met with the Appellate Review Committee and presented evidence. On August 26, the Appellate Review Committee sent documents to Dr. Warnick for her consideration and invited her to either appear at a hearing or submit a written response. On September 22, Dr. Warnick appeared before the Appellate Review Committee and testified. On October 12, the Appellate Review Committee issued its final decision suspending Dr. Warnick’s pediatric resuscitation privileges.
¶ 16. The purpose of the notice was to apprise Dr. Warnick of her right to hearing and to allow her opportunity to prepare a defense. Here, the Hospital sidestepped its own bylaws in failing to notify properly Dr. Warnick of her right to a hearing. However, Dr. Warnick’s letter of July 20 was written in response to the so-called deficient notice given by the Hospital of the suspension of her pediatric resuscitation privileges.
¶ 17. She later was afforded two separate opportunities to be present, present evidence and testify on her behalf. Admittedly, Dr. Warnick was not given an opportunity to appear before the Executive Committee or the Board of Trustees before her privileges were suspended; however, she later appeared twice before the Appellate Review Committee, a group appointed by the Hospital’s Governing Body to review the actions of the Executive Committee and the Board of Trustees.
¶ 18. Dr. Warnick’s claims are similar to those of a schoolteacher whose contract was not renewed. Proper notice was not given to the schoolteacher and she therefore missed her opportunity to appeal. However, she eventually had a full hearing, and this Court held that, even though “mandatory dictates” were not followed, the error was harmless. The school board’s “default” was “effectively remedied” by the subsequent hearing. See Noxubee County Bd. of Edue. v. Overton, 483 So.2d 301, 302-03 (Miss.1985).
¶ 19. Here, any alleged violation of due process was “effectively remedied” by the two hearings afforded to Dr. Warnick. She does not complain that she was unable to present all relevant evidence. Her claims were heard “at a meaningful time and in a meaningful manner.” Due process requires nothing more.
CONCLUSION
¶ 20. There was no violation of Dr. Warnick’s right to due process, and the Hospital’s decision was supported by substantial evidence and was not arbitrary and capricious. Therefore, we affirm the chancellor’s judgment affirming the Hospital’s suspension of Dr. Warnick’s neonatal resuscitation privileges.
¶ 21. AFFIRMED.
SMITH, C.J., COBB, P.J., CARLSON, GRAVES, DICKINSON AND *1024 RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.

. Dr. Warnick had 14 days from the receipt of notice of suspension. The notice was given on July 16. She should have requested an appeal by July 30.

. Dr. Warnick also complains that she did not receive notice of meetings of and actions taken by the Executive Committee and the Board of Trustees. The Hospital’s bylaws, however, do not require such notice.