994 So.2d 857 (2008)
John T. WHITLEY, Sr., Appellant
v.
CITY OF PEARL, Mississippi; Hayles Towing & Recovery; R & L Towing; Capitol Body Shop; Halls Towing Service, Inc.; Ward's Wrecker Service; Waste Management, Inc.; Pearl Automotive & Towing; and John Does, Appellees.
No. 2007-CA-00874-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Rehearing Denied November 18, 2008.
*858 W.O. Dillard, Jackson, Harry J. Rosenthal, attorneys for appellant.
Durwood E. McGuffee, Brandon, James P. Streetman, Jackson, Paul B. Henderson, Judson M. Lee, J. Peyton Randolph, J. Scott Rogers, Jackson, attorneys for appellees.
Before KING, C.J., IRVING and ROBERTS, JJ.
IRVING, J., for the Court.
¶ 1. John T. Whitley Sr. filed suit against the City of Pearl, Waste Management, Inc., and a number of towing companies (collectively, the Defendants), alleging that the Defendants acted improperly in carrying out a final judgment of the Rankin County County Court. After a hearing in which Whitley and the Defendants participated, the Rankin County County Court dismissed the towing companies from the suit.[1] Aggrieved, Whitley appeals and asserts that he was denied due process, that the judge erred when he refused to recuse from Whitley's case, and that the court erred in failing to stay proceedings while Whitley sought review of the denied motion to recuse.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. On July 18, 2001, the City of Pearl (the City) filed suit against Whitley in the Rankin County Chancery Court. Specifically, the City sought an order requiring Whitley to clean up debris and overgrown grass from his property on Highway 80 in Pearl. The suit was transferred to the Rankin County County Court, and Judge Kent McDaniel ultimately presided over the case. We have taken judicial notice of Whitley's prior proceedings before the Mississippi Supreme Court in order to set out an accurate chronology as to what happened after the filing of the City's lawsuit.
¶ 4. Almost two years after the City's petition was filed, Judge McDaniel issued a judgment requiring Whitley to clean up and maintain his property. Whitley was given sixty days to comply with the court's judgment. However, Whitley declined to do so and instead filed an appeal with the Mississippi Supreme Court. The supreme court dismissed Whitley's appeal on October 2, 2003, for failure to pay appeal costs. Whitley thereafter filed a motion to have his appeal reinstated, which the supreme court denied without prejudice on March 26, 2004. On October 26, 2004, the Rankin County County Court issued an order to show cause, demanding that Whitley explain "why the Court should not order him immediately incarcerated for failure to abide by and comply with the terms of the Court's Order. . . ."
*859 ¶ 5. On November 29, 2004, Whitley filed a motion in the supreme court requesting a stay of judgment pending appeal. The supreme court denied this motion on December 8, 2004, and dismissed Whitley's appeal on January 5, 2005. Upon motion from Whitley, the supreme court reinstated Whitley's appeal on April 6, 2005. However, the supreme court then dismissed Whitley's appeal on October 27, 2005, because of Whitley's failure to show cause as to why he had failed to file a timely notice of appeal. Whitley filed a motion for reconsideration, which was denied by the supreme court on December 30, 2005. Thereafter, the county court's decision became a final judgment, as Whitley did nothing further to challenge its validity.
¶ 6. The judgment was carried out in March 2005 by the various towing companies that are parties to this appeal. On April 15, 2005, Whitley filed suit against the Defendants in federal court. The suit was eventually dismissed for lack of prosecution. On April 14, 2006, Whitley filed the civil action that is the basis of the appeal before us. Judge McDaniel once again presided over the case, prompting Whitley to file a motion for recusal. Judge McDaniel declined to recuse and dismissed the action against the towing companies because of the statute of limitations and the complaint's failure to state a claim upon which relief could be granted.
¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Due Process
¶ 8. Whitley complains that he was denied due process because the court did not give him an opportunity to be heard before dismissing his case.
¶ 9. Minimum due process requires notice and an opportunity to be heard. Pub. Employees' Ret. Sys. v. Stamps, 898 So.2d 664, 677 (¶ 48) (Miss.2005); Warnick v. Natchez Cmty. Hosp., Inc., 904 So.2d 1019, 1022 (¶ 14) (Miss.2004); Vincent v. Griffin, 872 So.2d 676, 678 (¶ 6) (Miss. 2004). The record reflects that Whitley had notice. Furthermore, a hearing was held that Whitley attended and at which he presented argument. Although it is not clear from his brief, we presume that Whitley is indicating that he did not have adequate time to present evidence in defense of the motion for summary judgment. However, Whitley never requested additional time and, to date, has not shown that there is any evidence that the statute of limitations had not run. Accordingly, this contention of error is without merit.

2. Recusal
¶ 10. In two separate assignments of error, Whitley claims that Judge McDaniel erred when he refused to recuse.
¶ 11. At the outset, we note that Whitley's motion for recusal did not meet the requirements for such motions set out in Rule 1.15 of the Uniform Rules of Circuit and County Court, which states in part:
Any party may move for the recusal of a judge of the circuit or county court if it appears that the judge's impartially [sic] might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law. A motion seeking recusal shall be filed with an affidavit of the party or the party's attorney setting forth the factual basis underlying the asserted grounds for recusal and declaring *860 that the motion is filed in good faith and that the affiant truly believes the facts underlying the grounds stated to be true. Such motion shall, in the first instance, be filed with the judge who is the subject of the motion within 30 days following notification to the parties of the name of the judge assigned to the case . . . . The subject judge shall consider and rule on the motion within 30 days of the filing of the motion, with hearing if necessary. . . . The denial of a motion to recuse is subject to review by the Supreme Court on motion of the party filing the motion as provided in M.R.A.P. 48B.
(Emphasis added). It is undisputed that Whitley's motion was not filed with an affidavit as required by the rule. Whitley has provided no explanation for this defect. Furthermore, the motion was not timely. It is not clear from the record when Whitley received notification of Judge McDaniel's assignment to the case. The record shows that the case was assigned to the county court on May 8, 2006, about ten months before Whitley filed his motion to recuse. Presumably, Whitley was notified at that time that Judge McDaniel would hear the case. However, even if he did not receive notice at that time, he clearly knew that Judge McDaniel was presiding over the case as of November 29, 2006, when Judge McDaniel signed an order allowing Whitley's attorney at that time to withdraw from the case. All of Whitley's grounds for recusal would have been apparent as soon as he learned that Judge McDaniel was presiding over the case. Therefore, Whitley's motion, filed on March 9, 2007, was clearly not timely. In order to be proper, Whitley's motion must have been filed within thirty days of learning of Judge McDaniel's assignment to the case and must have included an affidavit from either Whitley or his attorney.
¶ 12. In appealing Judge McDaniel's decision, Whitley also failed to comply with Rule 48B of the Mississippi Rules of Appellate Procedure, which states in part:
If a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal . . . the filing party may within 14 days following the judge's ruling . . . seek review of the judge's action by the Supreme Court. A true copy of any order entered by the subject judge on the question of recusal and transcript of any hearing thereon shall be submitted with the petition in the Supreme Court.
First, Whitley did not seek review with the Mississippi Supreme Court. Rather, he filed a notice of appeal with the county court clerk. Furthermore, the notice of appeal did not contain a transcript of the hearing wherein Judge McDaniel refused to recuse himself. In order to properly appeal Judge McDaniel's decision to preside over the case, Whitley must have sought review with the clerk of the supreme court and included a transcript of the hearing wherein Judge McDaniel denied the motion to recuse.
¶ 13. Whitley provided two grounds for Judge McDaniel's recusal: first, that Judge McDaniel had improper prior knowledge of the case, and second, that presiding over the case would require Judge McDaniel to consider his own order. A judge's decision regarding recusal is reviewed under an abuse of discretion standard. Miss. United Methodist Conference v. Brown, 929 So.2d 907, 908 (¶ 4) (Miss. 2006). Judges are required to recuse "in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances. . . ." Code of Judicial Conduct, Canon 3(E)(1).
¶ 14. Having reviewed all the circumstances, we cannot say that reversible error occurred as a result of Judge McDaniel's *861 denial of the motion to recuse. Whitley's first ground for recusal was that Judge McDaniel had prior knowledge of the case, but as Judge McDaniel explained, his only prior knowledge came from presiding over the case in open court, not from any sort of improper ex parte prior knowledge.
¶ 15. As to Whitley's second argument, the point is moot. Had Whitley's complaint survived the statute of limitations, it is possible that Judge McDaniel might have been called upon to interpret his own prior decision. However, the parties agree that a one-year statute of limitations applies to Whitley's claim. The actions that provide the basis of Whitley's complaint occurred on March 17, 2005, at the earliest, and on April 12, 2005, at the latest.[2] Therefore, Whitley had until April 12, 2006, to file his complaint. Whitley's complaint was not filed until April 14, 2006, outside the period allowed by the statute of limitations. Whitley's only defense was that he had one year from the filing of his federal complaint, which was filed on April 15, 2005, and was dismissed without prejudice in January 2006. Whitley did not explain why he believed he had one year from the day he filed the federal complaint. Furthermore, the record before us does not contain Whitley's federal complaint. It is Whitley's responsibility to provide this Court with a complete and accurate record to sustain his arguments, which he has failed to do. "To the appellant falls the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal." Miss. Dep't of Mental Health v. Hall, 936 So.2d 917, 928 (¶ 34) (Miss.2006) (quoting Dillard's, Inc. v. Scott, 908 So.2d 93, 99 (¶ 19) (Miss.2005)).
¶ 16. Whitley's case was dismissed on the basis of the statute of limitations, which did not require Judge McDaniel to interpret his prior order. Therefore, we cannot find that Judge McDaniel erred in refusing to recuse on the ground of his prior order.

3. Continuation of Proceedings
¶ 17. Whitley also appears to contend that the court erred in failing to stay its proceedings after Whitley indicated that he intended to appeal the recusal decision. In order to provide a complete narrative of what happened, we quote from the record:
[THE COURT]: All right. The next thing is going to be the hearing on the 
[WHITLEY'S ATTORNEY]: Your Honor?
[THE COURT]: Yes. Go ahead.
[WHITLEY'S ATTORNEY]: Before we move on to the other motion, could we make a motion for an interlocutory appeal and let you rule on that?
[THE COURT]: Sure, absolutely. I don't have any objection to you having an interlocutory appeal. . . . What's the position of the  I mean, I don't really even know that I have to rule on that . . . because the recusal section specifically gives the disappointed suitor the right to  let's see. The denial of a motion to recuse is subject to review by the Supreme Court on motion of the party filing the motion as provided in [Mississippi Rule of Appellate Procedure 48B], and maybe 48[B] does require you to get my permission. I don't remember. But you certainly, I think, are entitled. The *862 statute says you're entitled to it, and I don't have any reason that I can think of to keep you from doing that.
* * * *
Let me just look here. I'm just going to read 48[B] for the record because y'all probably didn't bring your rule books with you today. It says, "If a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal, or if within thirty days they haven't ruled on it " but that's not the issue here  "the filing party may, within fourteen days following the judge's ruling or fourteen days following the expiration of the thirty days allowed for ruling, seek review of the judge's action by the Supreme Court."
I don't think I have any discretion. I believe you're entitled to do that . . . unless some of y'all  anybody? Okay. I believe that's what that rule is for, and I think it's an absolute right that the losing party has on a motion to recuse.
It seems that Whitley's attorney believed that the court had discretion to grant him the right to seek review of the judge's refusal to recuse, but the judge was correct in finding that Rule 48B provides an aggrieved party the right to seek review in the supreme court of the judge's decision without first obtaining permission.
¶ 18. As we have already discussed, Whitley failed to properly seek review in the supreme court. Specifically, Whitley failed to attach a transcript of the hearing wherein Judge McDaniel declined to recuse and improperly filed a notice of appeal of the case instead of filing an application with the supreme court for review of the judge's decision refusing to recuse. Since Whitley failed to properly seek review of the decision under Rule 48B, the court was entitled to proceed with the other motions before it. In fact, the court made clear that it intended to do exactly that  without any objection or request for a stay from Whitley. At a minimum, if Whitley wished for the court to wait before dealing with the other matters before it, he was required to request that the court do so. This contention of error is also without merit.
¶ 19. THE JUDGMENT OF THE COUNTY COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. LEE, P.J., NOT PARTICIPATING.
NOTES
[1] Waste Management was released from the suit pursuant to a settlement. According to the record before us, the City was never dismissed from the suit. However, the judgment dismissing the towing company defendants was entered pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure that allows a final judgment to be entered against fewer than all of the parties to the action if the court makes an expressed determination that there is no just reason for delay.
[2] Whitley's property was removed by the towing companies on March 17, 2005. The latest date on which Whitley might have received notice of the towing companies' actions is April 12, 2005.