GRIFFIS, J., for the Court.
 

 ¶ 1. Jimmy Ray Turner filed a claim that alleged his attorney, James B. Everett, committed legal malpractice when Everett represented Turner in a murder trial. After numerous pro se motions were filed by Turner, a special judge dismissed Turner’s suit for the failure to effectuate service of process within 120 days after filing the complaint. Turner now appeals. We find that Turner failed to file a proper notice of appeal from a final judgment. Thus, this Court lacks jurisdiction to consider this
 
 *312
 
 appeal. Accordingly, Turner’s appeal is dismissed.
 

 FACTS
 

 ¶ 2. In 1999, Turner was convicted of murdering his wife and was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. On November 24, 2003, Turner, acting pro se, filed a civil lawsuit that alleged that Everett had committed legal malpractice when Everett defended him during his murder trial. Turner simultaneously filed an application to proceed in forma pauper-is.
 

 ¶ 3. Turner claims to have forwarded a summons to the Smith County Circuit Clerk on April 28, 2004-five months after the filing of his complaint; however, he did not include the fee for service of process. On June 10, 2004, Turner received a letter from the Smith County Circuit Clerk that stated: “I have been informed by Judge Evans that we will not be allowed to file anything else on this case until court costs are paid in full.... If you would like to proceed you may send $95.00 court costs and [$]25.00 per summons to be served.”
 

 ¶ 4. The Honorable Robert Evans, circuit judge in this matter, denied Turner’s motion to proceed in forma pauperis on August 19, 2004, because the accounting records provided by the Mississippi State Penitentiary showed that Turner had funds available to him.
 

 ¶ 5. On October 18, 2004, Brenda Purser paid the $95 court filing fee on Turner’s behalf. However, no fee to issue a summons was paid. In fact, Turner did not send the $25 fee until July or August 2005. The exact date of the money order is illegible. That money order was returned to Turner because the circuit clerk was unable to find a summons. No summons or complaint was ever served on the defendant.
 

 ¶ 6. Turner filed a motion to recuse Judge Evans which was initially denied. Turner then filed a motion to show cause arguing that Judge Evans should recuse himself because he presided over Turner’s criminal case. Subsequently, Judge Evans issued an order recusing himself from this case on September 7, 2006. The Honorable Joseph C. Webster was appointed as special judge by the Mississippi Supreme Court.
 

 ¶ 7. Turner was given a hearing to show cause as to why he did not effectuate service within 120 days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. He failed to do so, and the circuit court, stating that ignorance of the rules does not amount to good cause, dismissed Turner’s legal malpractice action against Everett on July 23, 2007.
 

 ¶ 8. Turner filed his first notice of appeal in this case on September 7, 2006. In that notice of appeal, he sought relief from the circuit court’s order entered on August 8, 2006 — the order initially denying his motion for Judge Evans to recuse himself. On September 19, 2006, Turner filed a second notice of appeal. That notice did not specify which order or judgment was being appealed. It instead requested that Judge Evans remove his “prejudicial comments” contained in his September 7, 2006, order in which he recused himself from the case.
 

 ¶ 9. In his brief submitted to this Court, Turner argues the following issues: (1) the circuit clerk’s office abused its discretion by not issuing a summons in this case; (2) Judge Evans abused his discretion by not dismissing this complaint in 2004 before the statute of limitations had run; (3) the circuit clerk’s office abused its discretion by not filing any of his documenting motions in 2004 and 2005; (4) Judge Evans abused his discretion in not adjudicating
 
 *313
 
 him a pauper or allowing him to put a lien on his inmate account under Mississippi Code Annotated section 47-5-76 (Supp. 2006); (5) he was prejudiced when Judge Evans delayed ordering his recusal; and (6) the circuit court should have appointed counsel for him.
 

 ANALYSIS
 

 ¶ 10. This appeal may be decided based on the resolution of the question of whether Turner filed a proper notice of appeal from a final judgment of the circuit court.
 

 ¶ 11. The supreme court has held that “pro se litigants must be held to substantially the same standards of litigation conduct as members of the bar.”
 
 Perry v. Andy,
 
 858 So.2d 143, 146(¶ 13) (Miss.2003). Even considering the challenges that Turner faced by proceeding without an attorney, we find that this appeal is simply not properly before this Court.
 

 ¶ 12. Mississippi Code Annotated section 11-51-3 (Rev.2002) states that “[a]n appeal may be taken to the Supreme Court from
 
 anj final judgment
 
 of a circuit or chancery court in a civil case, not being a judgment by default, by any of the parties or legal representatives of such parties .... ” (Emphasis added). This section expressly limits the jurisdiction of this Court to the review of final judgments.
 
 Banks v. City Fin. Co.,
 
 825 So.2d 642, 644(¶ 9) (Miss.2002). Further, “[t]o be a final decree appealable under section 11-51-3, the decree must be final as to all parties and all issues.”
 
 Am. Empire Life Ins. Co. v. Skil-Craft Builders, Inc.,
 
 291 So.2d 735, 736 (Miss.1974) (citing
 
 Mid-South Paving Co. v. State Highway Comm’n,
 
 197 Miss. 751, 766-67, 20 So.2d 834, 835 (1945)).
 

 ¶ 13. In Turner’s first notice of appeal, he stated that he was appealing Judge Evans’s order denying his motion for recu-sal. This notice of appeal was rendered moot because Judge Evans recused himself in an order entered the same day that the notice of appeal was filed.
 

 ¶ 14. In Turner’s second notice of appeal, he seems to have appealed Judge Evans’s order granting his motion for recusal. He did not ask for relief from that order; instead, he asked that certain language in the order be removed. Neither notice of appeal mentioned the special circuit judge’s final order of dismissal as both notices of appeal preceded the final order.
 
 [1]
 

 ¶ 15. We find that Turner has failed to seek relief from a final judgment in this matter. Both orders from which Turner filed a notice of appeal each dealt with the recusal of Judge Evans and are in no way final as to the issues of this case. As such, this Court lacks jurisdiction to address Turner’s numerous assignments of error. Accordingly, this appeal is dismissed.
 

 ¶ 16. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 
 *314
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . We note that Turner argued for relief from the final order in his brief on appeal, even though he did not mention this order in either of his notices of appeal. Mississippi Rule of Appellate Procedure 3(c) states in pertinent part, that: "The notice of appeal shall specify the party or parties taking the appeal and the party or parties against whom the appeal is taken, and
 
 shall designate as a whole or in part the judgment or order appealed from."
 
 (Emphasis added). Clearly, Turner failed to designate that he was appealing the final order in this case. It is true that this error may be overlooked in instances where "the basis of the appeal was abundantly clear” from the brief.
 
 See K.D.F. v. J.L.H.,
 
 933 So.2d 971, 974 n. 2 (Miss.2006). However, that cannot be the result when, as here, the notices of appeal were filed more than ten months prior to the entry of final judgment.