# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01331-COA

**MOSES C. EVERETT**                                                                                        **APPELLANT**

**v.**

**ROBERT H. DYKES A/K/A BOB DYKES D/B/A**                              **APPELLEES**
**DYKES FARM, LLC, DAN GLIENKE D/B/A LOL**
**FINANCE COMPANY, COVINGTON COUNTY**
**SHERIFF'S DEPARTMENT, COVINGTON**
**COUNTY BOARD OF SUPERVISORS, ARTHUR**
**KEYS, STERLING CRAFT, JIMMY D. WHITE**
**AND FENTON PAGE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2020 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MOSES C. EVERETT (PRO SE) |
| ATTORNEYS FOR APPELLEES: | WILLIAM ROBERT ALLEN |
| | PAMELA LUCKIE CASTLE |
| | MARGARET ZIMMERMAN SMITH |
| | LANCE WESLEY MARTIN |
| | ANNA LITTLE MORRIS |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | APPEAL DISMISSED - 03/08/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Moses Everett attempts to appeal from the Covington County Circuit Court's order denying his motion for the circuit judge's recusal.  We dismiss the appeal because Everett's attempt to appeal from the denial of his recusal motion was procedurally improper.  M.R.A.P. 48B.

## FACTS

¶2.    On May 13, 2020, Everett and his wife, Meshel Everett, were traveling on a road in Covington County, Mississippi, when Everett's vehicle struck a cow. Everett claimed that this collision resulted in property damage to his vehicle. He accordingly commenced a negligence suit on May 26, 2020, against Robert H. Dykes a/k/a Bob Dykes d/b/a Dykes Farm LLC, Dan Glienke d/b/a LOL Finance Company, the Covington County Sheriff's Department, the Covington County Board of Supervisors, Arthur Keys, Sterling Craft, Jimmy D. White, and Fenton Page (Appellees).

¶3.    Nearly four months after filing his complaint, Everett filed a motion for the recusal of the circuit judge. In his motion, Everett argued that the circuit judge should recuse from the matter because he is a circuit court judge for Covington County, and Everett named the Covington County Board of Supervisors as a defendant. Everett asserted that a conflict of interest existed because the county supervisors have the authority to delegate and allocate money to the Covington County Circuit Court. Everett requested that the circuit judge petition the Mississippi Supreme Court to appoint a special judge to be assigned to Everett's case.

¶4.    At a November 6, 2020 motions hearing, Everett argued that the circuit court should hear his motion for recusal prior to any other pre-trial motion the parties had filed. The circuit court allowed Everett to argue his motion, despite Everett's failure to notice the motion for a hearing.

2

¶5. After hearing Everett's argument, the circuit judge ruled from the bench and denied Everett's motion. Everett then moved for leave of the court to appeal the ruling. The circuit court granted Everett's request and stayed all proceedings pending the appeal's outcome.

¶6. On November 16, 2020, the circuit judge entered his order denying Everett's motion for recusal. That same day, Everett filed his notice of appeal from that order.

## DISCUSSION

¶7. In appealing from the circuit court's order denying his motion for recusal, Everett failed to comply with Mississippi Rule of Appellate Procedure 48B.[1] "[T]he denial of a

---

[1] We also recognize that Everett's motion for recusal failed to meet the requirements set out in Uniform Civil Rule of Circuit and County Court 1.15, which governs motions for the recusal of judges. Rule 1.15 provides that a motion seeking recusal

> shall . . . be filed with the judge who is the subject of the motion within 30 days following notification to the parties of the name of the judge assigned to the case; or, if it is based upon facts which could not reasonably have been known to the filing party within such time, it shall be filed within 30 days after the filing party could reasonably discover the facts underlying the grounds asserted.

UCRCCC 1.15.

Everett's motion for recusal and his argument at the hearing before the circuit judge make it clear that he ultimately sought the recusal of all the Covington County Circuit Court judges, not just one in particular. Everett filed his complaint in the Covington County Circuit Court on May 26, 2020, and he was therefore on notice as of that date that a Covington County Circuit Court judge would be assigned to the case. However, Everett failed to file his motion for recusal until September 11, 2020, nearly four months after he had filed his complaint. *See Whitley v. City of Pearl*, 994 So. 2d 857, 859-60 (¶11) (Miss. Ct. App. 2008) (finding a motion for recusal untimely when it was not filed within thirty days of the movant learning of the judge's assignment to the case). The record shows, however, that the defendants failed to object to the timeliness of Everett's motion. The record also shows that the circuit judge denied Everett's motion on the merits.

3

recusal motion . . . is not a final judgment." *Patriot Prod. Grp. LLC v. Livingston Operating Co.*, 309 So. 3d 489, 493 (¶16) (Miss. Ct. App. 2019); *see also Turner v. Everett*, 13 So. 3d 311, 313 (¶15) (Miss. Ct. App. 2008) (A motion for recusal of a trial judge is "in no way final as to the issues of this case."). "It is well settled that appeals from the circuit court lie only from a final judgment." *Patriot Prod. Grp.*, 309 So. 3d at 492 (¶13) (quoting *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013)). However, Rule 48B "permit[s] interlocutory review of a trial judge's denial of a motion for recusal." *Id*. at 493 (¶16).

¶8.     Rule 48B states, in pertinent part, as follows:

> If a judge of the circuit, chancery or county court shall deny a motion seeking the trial judge's recusal, or if within 30 days following the filing of the motion for recusal the judge has not ruled, the filing party may within 14 days following the judge's ruling, or 14 days following the expiration of the 30 days allowed for ruling, seek review of the judge's action by the Supreme Court. A true copy of any order entered by the subject judge on the question of recusal and transcript of any hearing thereon shall be submitted with the petition in the Supreme Court.

M.R.A.P. 48B.[2] This Court has explained that "Rule 48B requires the party seeking review to file a 'petition in the Supreme Court' along with a copy of the trial judge's order." *Patriot Prod. Grp.*, 309 So. 3d at 493 (¶16). In this case, Everett "filed only an ordinary notice of

---

[2] After the circuit court entered the order denying the motion for recusal, Everett did attempt to seek review within fourteen days following the judge's ruling. *See* M.R.A.P. 48B. Regardless, Everett's attempt at seeking review was procedurally improper.

4

appeal in the circuit court." *Id.*[3] Everett's notice of appeal failed to include a transcript of the hearing where the circuit judge denied Everett's motion for recusal, as required by Rule 48B.[4] *See Whitley*, 994 So. 2d at 860 (¶12) (To properly appeal the denial of a motion for recusal of the circuit judge, the appellant "must have sought review with the clerk of the supreme court and included a transcript of the hearing wherein [the trial judge] denied the motion to recuse."). Everett therefore failed to properly follow the procedure set forth in Rule 48B.

¶9. Everett also failed to timely seek review of the judge's action on his motion for recusal by the supreme court. The record shows that the circuit judge did not rule on Everett's recusal motion within thirty days of the filing of the motion. Pursuant to Rule 48B, Everett had fourteen days "following the expiration of the [thirty] days allowed for ruling"—or "forty-four days after the filing of the motion for recusal"—to seek review by the supreme court. *Doll v. BSL Inc.*, 41 So. 3d 664, 669 (¶14) (Miss. 2010). Everett filed his

---

[3] At the hearing, Everett indicated that he intended to seek appellate review of the trial judge's decision via an interlocutory appeal with the supreme court pursuant to Mississippi Rule of Appellate Procedure 5. The record shows that Everett failed to file any such petition in the supreme court. Regardless, the proper vehicle for Everett to seek appellate review in this specific case is by following the procedures set forth in Rule 48B, and not pursuant to Rule 5. We also find that a Mississippi Rule of Civil Procedure 54(b) certification and "ordinary notice of appeal" would not change the outcome in this case because the trial court's order denying Everett's recusal motion did not adjudicate an actual claim between parties. *See* M.R.C.P. 54(b); M.R.A.P. 3.

[4] Although Everett did not attach a copy of the transcript to his notice of appeal, he did designate a copy of the transcript as part of the record pursuant to Mississippi Rule of Appellate Procedure 10.

notice of appeal approximately sixty-six days after the filing of his motion for recusal, well outside of the timeline required by Rule 48B. "As [Everett] failed to timely seek [the supreme court's] review of [the circuit judge's] action (or lack thereof), this Court concludes that this issue is time-barred." *Id*.; *accord Patriot Prod. Grp.*, 309 So. 3d at 493 (¶16).

¶10.   We therefore find that Everett's "attempt to appeal the denial of [his] recusal motion was both untimely and procedurally improper." *Patriot Prod. Grp*., 309 So. 3d at 493 (¶16). Because Everett failed to seek review of the circuit judge's denial of the recusal motion in the manner permitted by Rule 48B, this Court lacks appellate jurisdiction.

¶11.   **APPEAL DISMISSED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. LAWRENCE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**